MiNSHAil, J.
The action in the common pleas was brought by the plaintiff, Eombardo, an employee of The Pennsylvania Company, to recover damages for an injury caused as alleged, by the negligence of the company in operating its road. The defendant denied negligence on its part, and, for a further defense, set up a compromise and settlement of the claim, made by it with the plaintiff. To the latter defense the plaintiff replied that it had been obtained by fraud, setting out the facts claimed to constitute the fraud. A trial was had which resulted in a verdict and judgment for the plaintiff, which was reversed on error by the circuit court, and the case remanded for a new trial. At the second trial the defendant made no contest on the aver-ments of the petition, but relied upon its plea of settlement. The jury again found for the plaintiff, and assessed his damages at $1,500.00. A motion for a new trial was overruled and judgment entered on the verdict, which on error was affirmed by the circuit court.
It appears from a bill of exceptions, taken at the trial, that, during its progress, it was developed by an examination of the plaintiff, that the cause was being prosecuted by him under an agreement with his attorney, whereby the latter was to have one-half of the recovery as a compensation for his services; and that evidence was also offered by the defendant tending to prove, that the attorney was to pay all costs and expenses, and that no settlement or compromise should be made by the plaintiff without his consent. .Thereupon the defendant moved the court to dismiss the action on *5 the ground that it was being prosecuted under a champer-tous agreement between the plaintiff and his attorney. The motion was overruled and exception taken.
Exceptions were also taken to the rulings of the court on the admission and rejection of testimony, and to certain parts of its charge, and its refusal to charge as requested; but as the assignments based on these rulings are not relied on in argument, no further notice need be taken of them, than to say, they show no grounds for a reversal of the judgment.
The principal question argued to the court, and the one we propose to notice, is that raised by the motion to dismiss the action, on the ground that the- evidence disclosed, that the action was being prosecuted under a champertous contract between the plaintiff and his attorney.
It seems well settled by the previous decisions of this court, that a contract between an attorney and client by which the former is to prosecute the action at his own expense, and receive for his compensation a part of the recovery, is against public policy, and cannot be enforced; and it seems that this would be the case in a contract by which the attorney is simply to receive a part, coupled with a stipulation that no compromise or settlement is to be made without his consent. Key v. Vattier, 1 Ohio, 132; Weakley v. Hall, 13 Ohio, 167, and Stewart v. Welch, 41 Ohio St., 483. In all the cases in which the question has heretofore arisen in this state, an illegal or champertous agreement was sought to be enforced or relied on for relief. Thus in Key v. Vat-tier, a recovery was sought for a breach of the covenants of a champertous agreement; in Weakly v. Hall, to a plea of release since the last continuance, the terms of such an agreement were interposed by a reply in avoidance of the plea; and in Stewart v. Welch, the plaintiff’s title to the chose and his right to maintain the action, rested upon his agreement with the assignor, which the court found and held to be champertous: The plaintiff, Welch, was to prosecute the suit in his own name and at his own expense, and account to the assignor for a definite part of the recovery. But, in the case under review, the facts are wholly different *6 in this regard. It is not based upon any agreement between the attorney and the client in regard to compensation'of the, attorney for his services. It is a suit to recover damages resulting to the plaintiff from the the tort of the company, and the agreement between the plaintiff and his attorney is wholly extraneous to its prosecution and is in no way relied upon for relief. The question as now presented, is a new one in this state, as counsel for the plaintiff in error, is frank enough to admit. It is, whether the courts should not merely defeat any claim based upon the illegal agreement, but should go further, and by way of, punishment, also defeat the right of the plaintiff to recover in the action, touching the prosecution of which he has made a champertous agreement with his attorney? Some cases are cited in support of this view; but they are contrary to the greater weight of authority, and seem unsupported by satisfactory reasons. It would seem that the law, on grounds of public policy, goes quite far enough, when it defeats any advantage that may be sought by an enforcement of the agreement, without visiting upon the plaintiff a forfeiture of his right of action in the suit, for the prosecution of which, the attorney has been employed. This is in analogy, to our law in regard to usurious contracts, which simply defeats the usurious agreement, without affecting the right of the usurer to recover the,principal loaned with interest at the legal rate — champerty, like usury, not being an offense punishable by indictment in this state.
It is stated by the author of a well written article on the subject, contained in 3 American and English Encyclopaedia of Law, 68, 86, that, “The better opinion would appear to be that the defense of champerty can only be set up when the. champertous contract itself is sought to be enforced, and that the existence of a champertous agreement between the plaintiff and his attorney, or the fact that the plaintiff is prosecuting the case upon a contingent interest in the sub-, ject-matter of the litigation dependent upon success, is no defense to the action against the defendant.” An examination of the citations fully sustains the statement. . In one of the cases cited, Hilton v. Woods, L. R. 4 Eq. Cas. 432, Ma *7 lins, V. C. said: “I have carefully examined all the authorities referred to in support of this argument (.that the agreement between the plaintiff and his attorney being champer-tous, required the suit to be dismissed), and they clearly establish that whenever the right of the plaintiff, in respect of which he sues, is derived under a title founded on champerty or maintenance, his suit will on that account necessarily fail. But no authority was cited, nor have I met with any, which goes the length of deciding that when a plaintiff has an original and good title to property, .he becomes disqualified to sue for it by having entered into an improper bargain with his solicitor, as to the mode, of remunerating him for his professional services in the suit, or otherwise.”
So that it is immaterial whether a champertous contract was shown by the evidence or not; for, admitting the agreement between Rombardo and his attorney to have been as claimed by counsel for the defendent, it whs not sought in the action against the company to enforce it, or derive any benefit from it.

Judgment affirmed.